IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00693-BNB

BILL GUINN,

    Plaintiff,

v.

UNKNOWN, JEFFERSON COUNTY DEPUTY DISTRICT ATTORNEY, Unknown,
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,
JEFFERSON COUNTY COMBINED COURTS, and
JUDGE DeVITA, Jefferson County District Court Judge,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Bill Guinn, currently resides in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983, challenging the validity of a bond that was entered against him in March 2011. For the reasons stated below, the action will be dismissed.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. See *id*.

Plaintiff asserts that Defendants violated his constitutional rights and state regulatory laws when they voided his traffic citation personal recognizance bond and ordered him to post a $10,000.00 bail bond. Plaintiff contends that as a result he was illegally detained in Jefferson County Jail for twenty-two days until he could post bond. Plaintiff does not assert what type of relief he is seeking.

To the extent Plaintiff seeks money damages, and his claims are timely, his claims may be asserted in a § 1983 action. The claims, nonetheless, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Based on Plaintiff's description of the nature of this case, it is apparent that he has not invalidated the alleged illegal bond that was entered against him in March 2011. The Court, therefore, finds that Plaintiff's claims challenging the validity of the March 2011 bond and detention are barred by the rule in *Heck* and must be dismissed. Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

The Court also notes that Plaintiff's Complaint suffers from other deficiencies. First, Defendant Judge DeVita is absolutely immune from liability in civil rights suits when he acts in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge DeVita was acting in his judicial capacity when he entered an order requiring Plaintiff to post bond; he was not acting in the clear absence of all jurisdiction. Therefore, the claims Plaintiff asserts against Judge DeVita are barred by absolute judicial immunity.

Furthermore, Defendant Jefferson County Deputy District Attorney enjoys immunity from suit under 42 U.S.C. § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Plaintiff's allegations against the Deputy District Attorney involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Deputy District Attorney is an inappropriate party to this action based on absolute immunity.

Also, the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep' t of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides

absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

Defendant Jefferson County Combined Courts, a judicial district court, is considered a state constitutional court under Colo. Const. art. VI, § 10, and therefore is immune from suit under the Eleventh Amendment.  As for Jefferson County District Attorney's Office, the Tenth Circuit has found that in Colorado the DA's office is immune from suit under the Eleventh Amendment.  *See Romero v. Boulder County DA's Office*, 87 F. App'x 696, 698 (10th Cir. 2004).

To the extent Plaintiff seeks an expungement of the bond order and his request is timely, his sole federal remedy is a writ of habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  The habeas corpus claims, therefore, may not be raised in this § 1983 action.  If Plaintiff wishes to pursue any habeas corpus claims he must file a separate habeas corpus action.  Before seeking habeas corpus relief in federal court, Plaintiff, however, must exhaust state court remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).

Based on the above findings, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United*

*States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  19th  day of   March   , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court