IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 13-cv-00693-LTB


BILL GUINN,

        Plaintiff,

v.

JEFFERSON COUNTY DEPUTY DISTRICT ATTORNEY, Unknown,
JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,
JEFFERSON COUNTY COMBINED COURTS, and
JUDGE DeVITA, Jefferson County District Court Judge,

        Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

        Before the Court is the "Objection to the District Court's Order of Dismissal" that

Plaintiff, Bill Guinn, a *pro se* litigant, filed on April 8, 2013.  Mr. Guinn is detained at the

Denver County Jail in Denver, Colorado.  He seeks reconsideration of the Order of

Dismissal and the Judgment entered on March 19, 2013, dismissing the instant action.

The Court must construe the Objection liberally because Mr. Guinn is proceeding *pro*

*se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  For the reasons stated below, the Court will construe the

Objection as a Motion to Reconsider and deny the Motion.

        The Court dismissed the Complaint and action pursuant to *Heck v. Humphrey*,

512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii).  Final decisions are those

that end the litigation on the merits and leave nothing for the district court to do except

execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).  A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  Therefore, because the Motion was filed on April 8, 2013, and the dismissal was entered on March 19, 2013, the Court construes the Motion filed pursuant to Rule 59(e).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  After consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Guinn fails to demonstrate some reason why the Court should alter or amend the March 19 Order of Dismissal and Judgment in this action.

In the Motion, Mr. Guinn argues that he is asserting his constitutional right to affordable bail and to protection against illegal seizure and his right to be free from

"double punishments." Mot. at 3. He argues that he has a right to remain free on his original pre-set PR bond and to not be required to post a $10,000 cash bond, now imposed under count three of the charges pending against him. Mr. Guinn also asserts that (1) named Defendant Judge DeVita was not acting in his judicial capacity because of his capricious and arbitrary decision to amend count three and increase his bond; (2) the District Attorney's Office acted outside its immunity when it petitioned the court to amend count three of the of the DUI information; and (3) Eleventh Amendment immunity does not apply to Jefferson County. Mr. Guinn contends that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not apply because none of these claims challenge the validity of his criminal sentence or conviction and he should be allowed to proceed with his 42 U.S.C. § 1983 complaint.

Mr. Guinn's challenge of the amendment to count three of the information entered against him essentially challenges the charges against him, which he may not do in a § 1983 claim. *Heck,* 512 U.S. at 486-87. Likewise, his allegation that he was deprived of his right to be free on the original PR bond implicates the validity of his pending charges and cannot be brought under § 1983. *See Heck,* 512 U.S. at 486-87. Mr. Guinn's claims, therefore, do call into question the validity of his twenty-two day detainment and count three, and are barred by *Heck*.

Finally, Mr. Guinn's lack of immunity argument is meritless. Defendant Judge DeVita was acting in his judicial capacity, and the District Attorney's acts were intimately associated with the judicial process. Mr. Guinn's belief that the increase of his bail is illegal and violative of his due process rights does not mean the actions of the court or the district attorney are outside of the judicial process. Also, Mr. Guinn's argument

against Eleventh Amendment immunity, as it applies to the Jefferson County Combined Courts and the District Attorney's Office, is without merit.  For the reasons stated in the March 19 Order of Dismissal, the Jefferson County Combined Courts and the District Attorney's Office are immune from this 42 U.S.C. § 1983 action under the Eleventh Amendment.  Therefore, no  justification exists for reinstating the action, and the Motion will be denied.  Accordingly, it is

ORDERED that Mr. Guinn's Objection to the District Court's Order of Dismissal, ECF No. 7, filed on April 8, 2013, is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this  15th  day of   April          , 2013.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court